IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CR-062-TCK |
| ) | (06-CV-554-TCK-SAJ) |
| RICHARD MAYNOR BLACKSTOCK, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

On October 6, 2006, Defendant, appearing *pro se*, filed a petition for writ of habeas corpus. He states he seeks issuance of a writ of "habeas corpus *ad subjiciendum*." The petition was filed in Case No. 06-CV-554-TCK. In the "jurisdiction" section of his petition, Defendant cites to 28 U.S.C. § 2255 as providing authority for his claims that he is being "unlawfully and illegally ... restrained of his liberty." As his remedy, Defendant states: "The Petitioner should immediately be discharged and voided the Case 4:06-cr-00062-TCK Indictment, trial by jury and verdict vacated as a ***matter of law*** for the forgoing issues of lack of cognizance of this Class of Case arising under Article three and because of the status of the Petitioner's citizenship." Pursuant to the Court's Order filed October 24, 2006 (Dkt. # 134), the Clerk entered the petition for writ of habeas corpus as a 28 U.S.C. § 2255 motion (Dkt. # 135) on the docket of Case No. 06-CR-062-TCK.

On October 26, 2006, Defendant filed a motion to vacate (Dkt. # 140), demanding that the undersigned "immediately void and vacate the unlawful ORDERS in 4:06-cr-0062 at Docket 134 and in the Case of the Great Writ of Habeas Corpus in 4:06-cv-00554 at Docket 8 and restore Blackstock's Writ of Habeas Corpus as an independent civil Case in 4:06-cv-00554 . . . ." See Dkt. # 140 at 5. Although Defendant himself cited to 28 U.S.C. § 2255 in his habeas petition as a source of authority for the relief he seeks, he now asserts that his citation to § 2255 was "by ERROR." Id.

at 2. Upon review of the argument presented by Defendant in his motion requesting vacation of the Court's prior Order, the Court finds no error in the determination that this matter shall be adjudicated as a 28 U.S.C. § 2255 motion. Therefore, Defendant's motion to vacate shall be denied.

The Court finds Defendant's § 2255 motion shall be dismissed without prejudice. The record reflects that on October 3, 2006, Defendant was sentenced in Case No. 06-CR-062-TCK to forty-eight (48) months imprisonment on his conviction by a jury of thirty-two (32) counts of Aiding and Assisting in Preparation of Fraudulent Tax Returns.[1] See Dkt. # 122. On October 6, 2006, the same day he filed the instant petition, Defendant filed his notice of appeal "from the Judgment and Sentence pronounced in open Court on October 3, 2006" (Dkt. # 123). By letter dated October 12, 2006 (Dkt. # 127), the Tenth Circuit Court of Appeals assigned No. 06-5201 to the appeal and suspended further proceedings pending entry of judgment. Judgment (Dkt. # 128) was filed on October 16, 2006. Defendant filed a *pro se* notice of appeal (Dkt. # 131) on October 19, 2006.

Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a defendant's collateral challenge while review of claims raised on direct appeal is pending. See United States v. Prows, 448 F.3d 1223 (10th Cir. 2006) (citing general rule that a defendant may not pursue both a direct appeal and a collateral action simultaneously); United States v. Cook, 997 F.2d 1312, 1318-19 (10th Cir. 1993) (citing Rule 5, *Rules Governing § 2255 Proceedings*, advisory committee note); see also United States v. Robinson, 8 F.3d 398, 405 (7th Cir. 1993) ( "The rationale for the rule is a sound one: 'the disposition of the appeal may render

---

[1] The Court also notes that on September 20, 2006, after being found guilty by the jury but prior to sentencing, Defendant filed a petition for writ of habeas corpus in Case No. 06-CV-497-TCK-PJC. That petition was denied by Order filed September 28, 2006. Defendant has appealed that ruling to the Tenth Circuit Court of Appeals, No. 06-5198.

the [§ 2255 motion] moot.'"); United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir. 1980); United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979); Jack v. United States, 435 F.2d 317, 318 (9th Cir. 1970); Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968); Masters v. Eide, 353 F.2d 517 (8th Cir. 1965). In Prows, 448 F.3d at 1229, the Tenth Circuit found the existence of extraordinary circumstances justifying the district court's consideration of a § 2255 motion while review of claims on direct appeal was pending. However, in Prows, in contrast to the instant case, the government filed the direct appeal. Furthermore, there was a "complete dichotomy" between the issues raised by the government on direct appeal and those raised by Mr. Prows in his § 2255 motion. Id. In this case, it is Defendant who has commenced simultaneously both a direct appeal and this collateral challenge. In addition, there may be considerable overlap between the claims raised in this action and the claims raised on direct appeal, resulting in a waste of judicial resources if both actions were allowed to proceed simultaneously. As a result, the Court finds that extraordinary circumstances warranting collateral review during the pendency of Defendant's direct appeal do not exist in this case. Defendant's effort to seek collateral relief in this Court is premature. Collateral review by this Court would be extremely limited and a waste of judicial resources due to the pendency of appellate review by the Tenth Circuit Court of Appeals.

Should Defendant fail to obtain relief from the Tenth Circuit, his exclusive post-conviction remedy will be a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255. **Defendant should consider carefully the ramifications of any further rushed filings in this Court**. A defendant who files and loses a § 2255 motion must meet stringent standards in order to

pursue a second motion under the statute.[2]  Based on the procedural basis for the resolution of this matter, the Court finds that should Defendant file another § 2255 motion **after** conclusion of his direct appeal, any such motion will be considered to be Defendant's first § 2255 motion.  In other words, the dismissal of this action without prejudice will not count against Defendant should he pursue a collateral challenge under § 2255 **after** conclusion of his direct appeal.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's motion to vacate (Dkt. # 140) is **denied**.

2. The petition for writ of habeas corpus *ad subjiciendum*, adjudicated under the authority of 28 U.S.C. § 2255 (Dkt. # 135), is **dismissed without prejudice**.

3. A separate judgment shall be entered in both Case Nos. 06-CR-062-TCK and 06-CV-554-TCK reflecting dismissal of this motion without prejudice.

DATED THIS 30th day of October, 2006.

*Terence Kern*

TERENCE KERN
UNITED STATES DISTRICT JUDGE

---

[2]Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.